UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 24-60355-CV-SMITH

MARIA DELORES NAVARRO MARTIN,

    Petitioner,

v.

UNITED STATES ATTORNEY GENERAL, *et al.*,

    Respondent.

_____/

**ORDER DISMISSING PETITION**

This case is before the Court on a Petition for Habeas Corpus filed pursuant to 28 U.S.C. § 2241 [DE 1] seeking undefined injunctive and declaratory relief. No response has been ordered because for the reasons discussed below, the Court lacks jurisdiction over the decisions of the Attorney General related to its adjudication of removal proceedings.

**I.    BACKGROUND**

Petitioner is presently in the custody of the Department of Homeland Security/Immigration and Customs Enforcement ("ICE") at the Broward Transitional Center. (DE 1 at 1.) Petitioner was taken into ICE custody on December 30, 2024. (*Id*. at 4.) ICE issued a Notice to Appear ("NTA") on January 2, 2025, and instituted removal proceedings against Petitioner. (DE 1-1 at 3.) The grounds for removal set forth in the NTA were that Petitioner had been convicted of an aggravated felony (witness tampering). (*Id*.)

On January 17, 2025, Petitioner filed a "motion to quash the warrant and dismiss the indictment." (*Id*. at 4.) She argued that her conviction for witness tampering was not an aggravated felony. (*Id*.) The immigration judge denied the motion. (*Id*.) She is challenging the order of the

immigration judge denying her motion to dismiss. (*Id*. at 2.) Petitioner has an appeal pending with the Board of Immigration Appeals challenging the decision of the immigration judge. (*Id*.)

## II.     DISCUSSION

For a federal court to have subject matter jurisdiction over a habeas proceeding, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States . . . " 28 U.S.C. § 2241(c)(3); *accord Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). The "in custody" determination is made at the time the § 2241 petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Once the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody while the petition is pending. *Carafas*, 391 U.S. at 234. Petitioner has satisfied the "in custody" requirement based on her status at the time of filing.

Although the "in custody" requirement has been met, this Court nonetheless has no jurisdiction in this case. Pursuant to 8 U.S.C. § 1252(a)(5) "a petition for review filed with an appropriate court of appeals in accordance with [the Immigration and Nationality Act] shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." 8 U.S.C. § 1252(a)(5). Further, "[j]udicial review of all questions of law and fact, . . . arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, . . . to review such an order or such questions of law or fact." *Id.* § 1252(b)(9). Lastly, unless otherwise stated in § 1252, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, **adjudicate cases**, or execute removal orders against any alien under this chapter." *Id.* § 1252(g)

2

(emphasis added). This statute applies to "three discrete actions," and when "asking if a claim is barred by § 1252(g), courts must focus on the action being challenged." *Canal A Media Holding, LLC v. United States Citizenship and Immigration Services*, 964 F.3d 1250, 1257-58 (11th Cir. 2020) (citation omitted).

"In other words, a noncitizen's various challenges arising from the removal proceeding must be 'consolidated in a petition for review and considered by the courts of appeals.'" *Nasrallah v. Barr*, 590 U.S. 573, 580 (2020) (quoting *INS v. St. Cyr*, 533 U.S. 289, 313 & n.37 (2001)). "By consolidating the issues arising from a final order of removal, eliminating review in the district courts, and supplying direct review in the courts of appeals, the Act expedites judicial review of final orders of removal." *Id.*; *see also J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 ("Taken together, § 1252(a)(5) and § 1252(b)(9) mean that any issue—whether legal or factual—arising from any removal-related activity can be reviewed only through the [petition for review] process."); *Aguilar v. U.S. Immigr. & Customs Enf't Div. of Dep't of Homeland Sec.*, 510 F.3d 1, 9 (1st Cir. 2007) ("By its terms, [§ 1252(b)(9)] aims to consolidate "all questions of law and fact" that "arise from" either an "action" or a "proceeding" brought in connection with the removal of an alien.")

Regardless of how Petitioner frames the issue, the Petition challenges the immigration court's order denying her motion to dismiss and involves questions of law and fact arising from a removal proceeding. As such, the Court lacks jurisdiction over Petitioner's claims pursuant to 8 U.S.C. §§ 1225(a)(5) and/or (b)(9). *See Alderete-Lopez v. Whitiker*, No. CIV 18-1114 JB\SCY, 2018 WL 6338420, at *22-23 (D.N.M. Dec. 5, 2018) (dismissing petition for writ of habeas corpus under 28 U.S.C. § 2241 for lack of subject matter jurisdiction where the petitioner alleged that the immigration court lacked jurisdiction to issue a final removal order because the NTA was defective); *Ahmadzai v. U.S. Immigr. & Customs Enforcement*, No. CV 14-3907-CAS (SH), 2014

WL 4627287, at *1-2 (C.D. Cal. Aug. 13, 2014) (finding that district court lacked subject matter jurisdiction pursuant to 8 U.S.C. § 1252(a)(5) & (b)(9) to address 2241 petition challenging removal proceedings on the ground that the NTA was "invalid"); *see also Lotero-Diaz v. United States Dep't of Homeland Sec.*, No. 1:20-CV-23039, 2020 WL 7641056, at *1 (S.D. Fla. Dec. 23, 2020) (rejecting § 2241 petitioner's argument that "she is not challenging the removal order itself but rather only the alleged prosecutorial misconduct that occurred during her removal proceedings[,]" and dismissing § 2241 petition for lack of jurisdiction pursuant to 8 U.S.C. §§ 1225(a)(5) and (b)(9)). Challenges, such as Petitioner's, questioning the immigration court's jurisdiction based on deficiencies in an NTA are routinely brought directly to the court of appeals on a petition for review. *See, e.g.*, *Zaldivar Anzardo v. U.S. Att'y Gen.*, 835 F. App'x 422, 430-31 (11th Cir. 2020); *Anuforo v. U.S. Att'y Gen.*, 806 F. App'x 877, 878-80 (11th Cir. 2020); *see also Hernandez-Chavez v. Att'y Gen.* U.S., 843 F. App'x 423, 424-25 (3d Cir. 2021); *Maldonado de Calleja v. Barr*, 827 F. App'x 416, 417-18 (5th Cir. 2020); *Kohli v. Gonzalez*, 473 F.3d 1061, 1067 (9th Cir. 2007).

Because Petitioner is challenging the immigration court's adjudication of her motion to dismiss the NTA, a claim that arises from her removal proceedings, this Court lacks jurisdiction to consider the Petition.

### III.   CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a

4

petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Because the dismissal of the Petition for lack of jurisdiction is not debatable, no certificate of appealability will issue.

IV.  **CONCLUSION**

Having considered the Petition, the record, and being fully advised, it is hereby

**ORDERED AND ADJUDGED** that:

1. This Petition [DE 1] is **DISMISSED** for lack of jurisdiction.
2. The Motion to Proceed In Forma Pauperis [DE 3] is **DENIED** as moot.
3. No certificate of appealability shall issue.
4. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 10th day of March, 2025.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

5

cc:
Maria Dolores Navarro Martin
A-204-984-846
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073
PRO SE

Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov

Noticing INS Attorney
Email: usafls-immigration@usdoj.gov